UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,    Docket No. 0864 0:18CR00319-001 (DSD)

v.    **DEFENDANT'S POSITION WITH REGARD TO SENTENCING**

Leteaste Henry-Davis,

      Defendant.

---

Defendant, Leteaste Henry-Davis, appearing through his attorney of record, hereby respectfully presents his position regarding sentencing.

## INTRODUCTION

Ms. Henry-Davis stands before the court profoundly remorseful, both for her conduct and for the impact of her actions on others. Ms. Henry- Davis respectfully asks this Court to sentence her consistent with the Sentencing Guidelines, and impose no jail/prison time.

At the outset it must be made clear that we in no way mean to minimize Ms. Henry-Davis' actions. Ms. Henry- Davis was wrong, is extremely remorseful, and has accepted responsibility for her actions by pleading guilty.

## ARGUMENT

**A.  The Section 3553(a) Factors Support a Substantial Variance from the Guidelines.**

Under Kimbrough v. U.S., 128 S. Ct. 558 (2007) and Gall v. U.S., 128 S. Ct. 586 (2007), the sentencing guidelines are advisory and do not require the district court to assume that the guidelines are reasonable. In fact, the sentencing court may NOT presume that the guideline sentencing is reasonable. Rita v. U.S., 551 U.S. 338, 351 (2007); Nelson v. U.S., 129 S.Ct. 890, 892 (2009). The court must first calculate the guideline sentence and then determine the

1

appropriate sentence for the individual case based on the factors in 18 USC § 3553(a). <u>Nelson</u>, 129 S.Ct. at 891-92. The factors articulated in 18 USC § 3553(a) are as follows:

> "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,
>>
>> (B) to afford adequate deterrence to criminal conduct,
>>
>> C) to protect the public from further crimes of the defendant, and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for the offense under the Guidelines;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense."

18 USC § 3553(a).

In applying these factors to the present case, it is clear that a Guideline Sentence in this case does reflect the sentencing goals of 18 U.S.C. § 3553. As always, the fundamental question this Court must grapple with is whether or not the imposed sentence needs to be to achieve the varied, and sometimes contradictory, purposes of sentencing. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an

individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Koon v. U.S., 518 U.S. 81, 113 (1996). Ms. Henry-Davis is entitled to an explanation that articulates both why and how the given sentence is appropriate per the sentencing standards established in Kimbrough v. U.S., 128 S. Ct. 558 (2007) and Gall v. U.S., 128 S. Ct. 586 (2007).

**1.     The Nature and Circumstances of the Offense.**

The Supreme Court has noted that a "defendant's motive for committing the offense is one important factor" in determining the appropriate sentence. Wisconsin v. Mitchell, 508 U.S. 476, 485 (1993). While certainly not meant to minimize Ms. Henry-Davis' actions, she is one of several people involved in this Wire Fraud. In fact, the loss to the victims directly attributed to Ms. Henry-Davis is the lowest by almost $14,000.00. Ms. Henry-Davis subsequently provided a timely plea of guilty to her conduct.

**2.     The History and Characteristics of the Defendant.**

To begin with, Ms. Henry-Davis has a very minimal criminal history. Ms. Henry-Davis' most serious charges are from 1984 and 1990. Both were, at most, gross misdemeanor level offenses. Additionally, both of these offenses were ultimately dismissed without a conviction. ¶37-38. Since 2010, Ms. Henry-Davis' only criminal matters have been petty misdemeanor traffic offenses. Ms. Henry- Davis clearly does not have a history of conduct similar to the Fraud case that is before this Court for sentencing.

Over the past several months, Ms. Henry-Davis has been dealing with domestic violence issues. As evidenced in the report, Ms. Henry-Davis is the subject of both emotional and physical abuse at the hands of her husband. ¶46. Ms. Henry-Davis has an active Order for

Protection against her estranged husband. ¶47. This has been extremely stressful on Ms. Henry-Davis. She had been living with friends while the Order for Protection was sorted out in the State court system. Ms. Henry-Davis is finally back at her residence, but lives in fear and concern that her estranged husband will violate the Order for Protection.

Ms. Henry-Davis is a self-aware individual who acknowledges issues—past and present—with her mental health. She is the victim of past sexual abuse as a child. ¶54. Ms. Henry-Davis was engaged in prostitution in her early 20's at a time where she was addicted to cocaine. ¶55. Ms. Henry-Davis recognized her mental health issues on her own and began seeing a therapist and was prescribed medications. ¶56. In fact, Ms. Henry-Davis stills sees a counselor through Nystrom and Associates. ¶57.

Ms. Henry-Davis has struggled with her chemical health. But true to her spirit, Ms. Henry-Davis has acknowledged these struggles and has taken steps to address them. Ms. Henry-Davis obtained a chemical health assessment through NorthPoint Health and Wellness (¶58) and she is completely open and willing to follow the recommendations of this assessment.

Ms. Henry-Davis is a fighter. She is always striving to become a better person, despite her short-comings. Ms. Henry-Davis is employed as a Personal Care Attendant ("PCA") with American United Care, LLC. She volunteers at the Christ English Lutheran Church in north Minneapolis. She is a loving mother to her 21 year-old son. Ms. Henry-Davis will succeed and will be compliant with any sentence this Court imposes.

3. **A Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment and Avoid Unwarranted Sentence Disparities.**

As the Sentencing Guidelines are advisory, this court may vary from the Guidelines solely based on policy considerations, including disagreement with the Guidelines. Kimbrough,

552 U.S., at 101; Rita v. United States, 551 U.S. 338, 351 (2007). This is a rare occasion where I am asking this Court to sentence Ms. Henry-Davis within the Sentencing Guidelines ranges. Ms. Henry-Davis took timely responsibility for her actions by entering a plea to her charged conduct. Ms. Henry-Davis was able to provide useful information to the Government regarding this fraudulent scheme, as well as some of the participants. Despite some positive UA's, Ms. Henry-Davis has been compliant with her terms and conditions of release. Ms. Henry-Davis has done nothing inconsistent with her acceptance of guilt, as first established during her plea soliloquy.

The Guidelines range for this crime is 0-6 months imprisonment. The applicable guideline range is in Zone A of the Sentencing Table, so imprisonment is not required. ¶78. Ms. Henry-Davis has never been imprisoned before, and she should not be imprisoned for this offense. Placing Ms. Henry-Davis on probation with conditions would be appropriate in this situation and would not unduly lessen the seriousness of Ms. Henry-Davis' actions.

**4.     To Afford Adequate Deterrence to Criminal Conduct**

Ms. Henry-Davis has largely been a law-abiding individual. Her only prior convictions are in connection to traffic/driving matters. The simple fact that Ms. Henry-Davis is even before this Court for sentencing has been a huge deterrent to any future criminal conduct. History is a good indication of the future, and Ms. Henry-Davis' history strongly suggests she will not be re-offending. Ms. Henry-Davis has rolled with the punches while on conditional release. While she has had positive UA's, she has been open to addressing these issues through assessments and their recommendations. A combination of probation and conditions would continue to provide Ms. Henry-Davis with a stark reminder of her criminal behavior in this Fraud. Placing Ms. Henry-Davis on probation for up to 3 years would be sufficient—both as a punishment and as a deterrent.

## CONCLUSION

For each of the reasons set forth above, Ms. Henry-Davis asks this Court to sentence her pursuant to the Sentencing Guidelines. Her specific request is that she not be imprisoned, be placed on probation for up to three (3) years, and that she be subject to whatever terms/conditions of probation this Court sees fit.

Respectfully submitted,

COLICH & ASSOCIATES

Dated: 06/26/2019

*s/Andrew R. Small*
Andrew R. Small
Attorney ID # 307270
420 Lumber Exchange Bldg.
10 South Fifth Street
Minneapolis, MN 55402
Phone: 612-333-7007
Attorney for Leteaste Henry-Davis