UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-319 (DSD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LETEASTE HENRY-DAVIS,<br><br>Defendant. | **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Miranda E. Dugi, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Leteaste Henry-Davis. For the reasons described below, the United States respectfully requests that the Court impose a sentence within the applicable guideline range that includes a term of probation of at least three years, restitution in the amount of $12,400, and at least 150 hours of community service.

**I.    Background**

Over the course of approximately two months, Henry-Davis conspired to steal approximately $12,400 in charitable funds belonging to Victim Organization 1 that were intended to help the homeless. Henry-Davis was among the last conspirators to join the scheme, and was only able to cash four checks prior to the fraud's detection. As a result, Henry-Davis is among the coconspirators responsible for the least amount of loss to Victim Organization 1. Henry-Davis now stands before the Court as the first of multiple conspirators to be sentenced. This is in large measure due to her ultimate willingness to


acknowledge her participation in the offense when confronted by law enforcement officers, despite initially struggling to be fully truthful with them.

Since entering a guilty plea to an information in this case, Henry-Davis has tested positive for cocaine and marijuana while under the Court's supervision. (PSR ¶ 3, 20, 64). This conduct appears to be of a piece with Henry-Davis's long history of substance abuse and mental health issues, (PSR ¶¶ 54-65), and has continued despite her other compliance with conditions of supervision.

Although Henry-Davis's involvement in the offense was limited relative to her coconspirators', the overall impact of the conspiracy on Victim Organization 1 has been considerable and enduring. (PSR ¶ 17).  In addition to depriving the organization's homeless clients of much-needed assistance, the fraud has diverted many of the organization's resources from helping those in need to repairing the damage left behind. *Id.*  For an organization dedicated to helping others, Henry-Davis's and her coconspirators' conduct leaves a particularly deep sense of betrayal. *Id.* Moreover, the organization fears that—having fallen prey to the scheme—donors may be reluctant to entrust them with the funds it relies upon to continue to do its work in the community. *Id.*

**II.     Analysis**

The Court employs the U.S. Sentencing Guidelines as "the starting point and the initial benchmark" in imposing its sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court then must consider the factors enumerated in 18 U.S.C. § 3553(a), in determining whether the applicable guideline range provides for an appropriate sentence. *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009).  Where the Court

finds that the Sentencing Guidelines adequately account for the offense and relevant circumstances, it "shall impose a sentence of the kind, and within the range" prescribed. 18 U.S.C. § 3553(b)(2).

### A. U.S. Sentencing Guideline Calculations

The government concurs with the PSR's guideline calculations. As anticipated in the plea agreement, Henry-Davis's total offense level is 7, her criminal history category is I, and her applicable guideline range is 0 to 6 months' imprisonment in Zone A. (PSR ¶¶ 31, 36, 78). As a result, the Court may impose a term of probation between 1 and 5 years, which may also include a fine, restitution, community service, community confinement, home detention, or intermittent confinement. USSG §5B1.1(a)(1) and comment. n.1(A); USSG §5B1.2(a)(1); (PSR ¶¶ 83, 85).

### B. Recommended Term of Imprisonment and Sentencing Factors under 18 U.S.C. § 3553(a)

Consistent with the plea agreement, the government recommends that the Court impose a sentence within the guideline range that includes a term of probation of at least three years with special conditions, restitution in the amount of $12,400, and a term of community service of at least 150 hours. Multiple factors support such a sentence, particularly the nature and circumstances of the offense, Henry-Davis's history, the need for deterrence, and to protect the public. 18 U.S.C. § 3553(a)(2)(A)-(C).

Although among the least culpable coconspirators, Henry-Davis comes by that distinction by virtue of being a late arrival to the conspiracy rather than through some independent virtue. To her credit, she acknowledged her role in the scheme to law

enforcement early, pleaded to an information, and has repeatedly expressed remorse for her actions. As a result, the requested sentence seeks to balance the harm her conduct inflicted upon the most vulnerable among us—the homeless—with her relative culpability and contrition.

Therefore, the government requests that the Court impose a sentence that includes a term of probation of at least three years. The requested term is lengthy in recognition of the seriousness of the offense conduct, as well as Henry-Davis's history and characteristics. Specifically, the government requests that the Court impose special conditions related to mental health and substance to address Henry-Davis's history of struggles with these issues, including while under the Court's supervision in this case. The instant case appears to coincide with multiple major shifts in Henry-Davis's life that are likely to pose significant financial and emotional challenges that risk exacerbating her existing substance abuse and mental health issues. A significant term of probation is appropriate to ensure that Henry-Davis remains law abiding in the future. The proposed conditions will also provide necessary oversight and support to ensure that Henry-Davis can draw upon her prior education, military, and employment history, (PSR ¶¶ 66-71), to get her life back on track.

In addition, the government concurs with Victim Organization 1's request for a special condition that Henry-Davis not be permitted to work or volunteer in a position that would allow her to access charitable funds. (PSR ¶ 17). The Court has "wide discretion when imposing terms of supervised release within the statutory framework provided by Congress." *United States v. Fields*, 324 F.3d 1025, 1026-27 (8th Cir. 2003). Special

conditions of supervised release are appropriate if "reasonably related" to the applicable sentencing factors described in 18 U.S.C. §§ 3583(d)(1), 3553(a), and involve "no greater deprivation of liberty than is reasonably necessary" to achieve the purposes of supervision, 18 U.S.C. § 3582(d)(2). In imposing such restrictions, the Court must make its findings "on an individualized basis . . . ." *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006).

The requested restriction is closely related to Henry-Davis's offense conduct, and provides an important safeguard to deter future similar conduct on her part. Likewise, there is nothing about Henry-Davis's employment history or other characteristics to suggest that such a restriction would constitute an unnecessary deprivation of her liberty while under the Court's supervision.

Finally, given that Henry-Davis's conduct took advantage of the community's charity at the expense of vulnerable community members, it seems only fitting that her sentence include a term of community service. The requested term of community service represents slightly less than half of the approximately two months' time of her offense conduct (assuming an eight-hour workday). The government defers to the Court's determination of how Henry-Davis may satisfy such a requirement.

### C. Restitution

The parties agree that restitution is mandatory in this case. (PSR ¶¶ 4, 16). The government requests that the Court adjudge Henry-Davis jointly and severally liable for $12,400 in restitution to Victim Organization 1. Such an order is appropriate because the requested amount represents the loss Henry-Davis personally caused Victim Organization

1 in conjunction with her coconspirators. *United States v. Moten*, 551 F.3d 763, 768 (8th Cir. 2008).

### III. Conclusion

For the foregoing reasons, the United States recommends that the Court impose the recommended sentence.

Dated: July 2, 2019                                      Respectfully Submitted,

                                                         ERICA H. MacDONALD
                                                         United States Attorney

                                                         */s/ Miranda E. Dugi*
                                                         BY:  MIRANDA E. DUGI
                                                         Assistant U.S. Attorney
                                                         Attorney ID No. 5140546 (NY)